UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEITHEN STEVENS,**

        **Plaintiff,**

v.                                           Case No:   6:14-cv-1845-Orl-31KRS

**WYNDHAM VACATION OWNERSHIP, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. No. 17).

### I.  BACKGROUND

In his complaint, Plaintiff Keithen Stevens ("Stevens") alleges the Defendant Wyndham Vacation Resorts, Inc. ("Wyndham") discriminated against him on the basis of his race in violation of 42 U.S.C. § 1981 and retaliated against him in violation of § 1981 and Fla. Stat. § 448.102. Doc. No. 1. Stevens, a black male, alleges that he has asked to be promoted to a "Senior Sales Manager" position on several occasions. *Id.* ¶ 13. He claims that the positions were awarded to less qualified non-black candidates. *Id.* He further asserts that he was denied promotions to "Director of Training" and "Podium Presenter" positions, despite his superior qualifications. *Id.* ¶ 14. Moreover, Stevens alleges that Wyndham and its management deliberately "removed sales credits" from Stevens and awarded them to others in an effort to boost the sales of those promoted, while simultaneously creating the impression that Stevens was less successful. *Id.* ¶ 15. Stevens also lodged several

complaints with Wyndham's Human Resources department. *Id.* ¶ 16. At some point after those complaints were filed, Wyndham informed Stevens that his sales numbers were not up to par. *Id.* ¶ 17.

In his complaint, Stevens demanded a trial by jury. Doc. No. 1, at 6. On January 28, 2015, Wyndham filed a motion to strike that jury demand. Doc. No. 17. The motion arises out of the following clause in the employment application that Stevens submitted to Wyndham:

> Should I become employed, as a condition of my employment, I agree to waive my right to a trial by jury in any action or proceeding involving any claim, whether statutory or at common law related to or arising out of my employment or the termination of employment, including claims of discrimination. I understand that I am waiving my right to a jury trial voluntarily and knowingly and free from duress or coercion. I understand that I have the right to consult with a person of my choosing, including an attorney, before signing this document.

*Id.* at 15. This provision appeared in bold print immediately above the signature line. *Id.* The text is set off as its own paragraph and is the same font size as the other paragraphs in the agreement. *Id.* Based on this clause, Wyndham moves to strike Stevens's demand for a jury trial. *Id.* at 2–8.

In response, Stevens argues that the Court should refuse to find that he waived his right to a jury trial on four grounds. First, Stevens argues that Wyndham failed to show that the waiver provision was conspicuous, clear, and unambiguous, arguing that the filing submitted to the Court is "blurry and hard to read." Doc. No. 23, at 5. Second, he contends that the motion should be denied because "he was not experienced in negotiating contracts and had very little experience with the legal system." *Id.* at 5–6. Third, he argues that he did not believe he had the ability to negotiate the terms of the agreement and had to accept the contract as written. *Id.* at 6–7. Finally, he claims that he could not afford to hire an attorney to review the employment application. *Id.* at 7–8.

## II. DISCUSSION

A party may waive its Seventh Amendment right to a trial by jury as long as that waiver is knowing and intentional. *Green v. Wyndham Vacation Resorts, Inc.*, No. 6:08-cv-01997-Orl-22DAB, 2010 U.S. Dist. LEXIS 145652, at *8 (M.D. Fla. July 12, 2010); *see also Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (unpublished opinion cited as persuasive authority). Such a waiver may properly be effectuated through a contract executed before litigation is contemplated. *Green*, No. 6:08-cv-01997-Orl-22DAB, 2010 U.S. Dist. LEXIS 145652, at *8. Courts consider a number of factors in determining whether a waiver is knowing and voluntary, including (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate the terms of the contract; (4) the relative bargaining power of the parties; and (5) whether the waiving party was represented by an attorney. *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004). "No single factor is conclusive, and '[i]n making a determination, the Court is not bound by the number of factors that have been satisfied.'" *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1295 (M.D. Fla. 2012) (alteration in original) (quoting *Hancock v. Deutsche Bank*, No. 8:06-cv-1724-T-27EAJ, 2006 U.S. Dist. LEXIS 79805, at *4 (M.D. Fla. Oct. 23, 2006)). Instead, the Court asks whether, in light of the totality of the circumstances, the waiver is unconscionable, contrary to public policy or unfair. *Id.* This Court finds that Wyndham bears the burden of establishing waiver. *See Baker v. Wyndham Worldwide*. No. 6:11-cv-1469-Orl-36GJK, 2012 U.S. Dist. LEXIS 125987, at *13–14 (M.D. Fla. Aug. 17, 2012), *adopted by* 2012 U.S. Dist. LEXIS 125797 (M.D. Fla. Sept. 5, 2012).

In this case, the waiver provision is conspicuous. It is located immediately above the signature line, bolded and in the same font size as the other paragraphs in the agreement, stated in

clear and unambiguous language, and contained in its own paragraph. *See Murphy v. Cimarron Mortgage Co.*. No. 8:06-cv-2142-T-24 TBM, 2007 U.S. Dist. LEXIS 6103, at *4 (M.D. Fla. Jan. 29, 2007). Courts have addressed precisely the same waiver provision and repeatedly found that it is conspicuous based on those characteristics. *See Parris v. Wyndham Vacation Resorts, Inc.*, No. 11-00258 SOM-BMK, 2013 U.S. Dist. LEXIS 44443, at *4–5 (D. Haw. Mar. 28, 2013); *Baker*. No. 6:11-cv-1469-Orl-36GJK, 2012 U.S. Dist. LEXIS 125987, at *15; *Green*, No. 6:08-cv-01997-Orl-22DAB, 2010 U.S. Dist. LEXIS 145652, at *12. Stevens's argument that the faxed copy is "blurry and hard to read" is not well taken. This Court has reviewed the document and is able to read the entirety of the relevant waiver provision. Moreover, Stevens does not contend that he was unable to read the provision prior to signing it. While Stevens is correct that the header for the section is largely blacked out in the copy filed with the Court,[1] the presence of that header is not necessary for this Court to find that the bolded provision is conspicuous. *See Hall v. Wyndham Vacation Ownership, Inc.*. No. 2:11-cv-01515-PMP-VCF, 2011 U.S. Dist. LEXIS 141042, at *1 (D. Nev. Dec. 7, 2011) (finding that the same provision warranted the striking of a jury demand, absent reliance on the presence of the header).

With respect to the second factor, Stevens argues that "there is no credible argument countering the fact that [he] is not sophisticated in relation to the legal system and the subject documents and issues." Doc. No. 23, at 5–6. This Court disagrees. The waiver provision was written in such a clear manner that no special education or expertise would have been necessary to understand its implications. *See Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 U.S. Dist. LEXIS 159089, at *49–50 (M.D. Fla. Apr. 9, 2012); *Acciard v. Whitney*,

---

[1] Stevens suggests that the header should read "APPLICANTS PLEASE READ AND SIGN." Doc. No. 23, at 5.

No. 2:07-cv-00476-FtM-36DNF, 2011 U.S. Dist. LEXIS 118477, at *10–11 (M.D. Fla. Oct. 13, 2011); *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010). Indeed, the text unambiguously states *twice* that the right to a jury trial is being waived. Moreover, Stevens graduated from high school and attended (but apparently did not graduate from) Northwestern University. Doc. No. 17, at 14. He does not stand out as particularly sophisticated or unsophisticated. *See Collins*, 680 F. Supp. 2d at 1295-96 (enforcing a jury trial waiver when plaintiffs listed their occupations as "tile guy" and "analyst" in their loan application).

As to the third factor, Stevens argues that he was never told he could negotiate the terms and that he believed he had no power to negotiate.[2] Doc. No. 23 at 6–7. He claims that he felt compelled to sign the documents without negotiation because he had been unemployed for four months. Doc. No. 23-1 ¶¶ 5, 11. These assertions, however, establish only that Stevens chose not to negotiate the terms of his contract, not that he was unable to negotiate them. *See Parris*, No. 11-00258 SOM-BMK, 2013 U.S. Dist. LEXIS 44443, at *6 (declining to find that a waiver provision was not negotiable when the record evidence indicated only that the plaintiff had failed to negotiate); *Acciard*, No. 2:07-cv-00476-FtM-36DNF, 2011 U.S. Dist. LEXIS 118477, at *11–12 (finding no merit in an argument that a party had an inadequate opportunity to negotiate when plaintiffs failed to present evidence that they could not have negotiated the provision). Consequently, the Court cannot find that this factor militates against a finding that the waiver is enforceable.

---

[2] Stevens argues that the motion to strike should be denied because Wyndham failed to offer evidence concerning this factor. Doc. No. 23, at 6. I reject Stevens's argument insofar as it suggests that Wyndham was required to present evidence concerning each factor to meet its burden. Indeed, elsewhere in his brief, Stevens acknowledges that "the Court is not bound by the number of factors that have been satisfied in making its determination." *Id.* at 4 (citing *Madura*, 851 F. Supp. 2d at 1295).

With respect to the fourth factor, Stevens argues that the parties had unequal bargaining power because Stevens had been unemployed for several months prior to the agreement, had been rejected by several other employers, and prepared to move to Florida after accepting the job offer but before signing the agreement. Courts in this Circuit, however, have made clear that requiring an employee to sign an agreement in a "'take it or leave it' situation does not make the waiver unenforceable or unconscionable." *E.g.*, *Winiarski v. Brown & Brown, Inc.*, No. 5:07-cv-409-Oc-10GRJ, 2008 U.S. Dist. LEXIS 35799, at *7 (M.D. Fla. May 1, 2008); *accord La Torre v. BFS Retail & Commercial Operations, LLC*, No. 08-22046-CIV-SEITZ/O'SULLIVAN, 2008 U.S. Dist. LEXIS 99002, at *13 (S.D. Fla. Dec. 8, 2008) (holding that a plaintiff being compelled to sign a document as a condition of continued employment did not render the arbitration clause contained therein unconscionable). To the extent that Stevens attempts to distinguish this case from others on the grounds that he had been unemployed for the previous four months, the Court notes that Stevens has not presented evidence that he was in dire financial straits.[3] While he states that his applications to "several" positions with other employers were rejected, Doc. No. 23-1 ¶ 7, his statement falls well short of establishing that he was not able to find *any* employment with another company that did not include a jury trial waiver provision. *Green*, No. 6:08-cv-01997-Orl-22DAB, 2010 U.S. Dist. LEXIS 145652, at *13.

Even assuming such evidence had been presented, the fact that Stevens may have been in need of employment would not necessarily make the waiver unenforceable. *See Collins*, 680 F. Supp. 2d at 1295. Indeed, courts have upheld waivers of jury trials on more substantial showings of need than has been presented here. *See Madura*, 851 F. Supp. 2d at 1295 (upholding a waiver in a

---

[3] Stevens's prior job, which his application states he left for family reasons, apparently paid a base salary of $130,000.00 annually with an unspecified bonus. Doc. No. 17, at 13.

mortgage agreement when the plaintiffs "needed the refinance money to pay for their daughter's graduate school tuition"); *Milsap v. Cornerstone Residential Mgmt., Inc.*, No. 05-60033-cv-MARRA/JOHNSON, 2007 U.S. Dist. LEXIS 22252, at *10 (S.D. Fla. Mar. 27, 2007) (upholding a jury trial waiver in a lease agreement against "a single mother with two young daughters in immediate need of housing"). Nevertheless, the Court, indulging every reasonable presumption against waiver, will consider Wyndham's greater relative bargaining power as a factor in its analysis. *See Branch Banking & Trust Co. v. Nat'l Fin. Servs., LLC*, No. 6:13-cv-1983-Orl-31TBS, 2014 U.S. Dist. LEXIS 67554, at *15 (M.D. Fla. May 16, 2014) (considering as a factor that a plaintiff had experienced difficulty in securing financing, but upholding the waiver in loan documents in spite of that consideration).

For the fifth factor, Stevens argues that he was not represented by an attorney because he could not afford one. Doc. No. 23, at 7. The waiver provision, however, explicitly stated that Stevens had the right to consult with an attorney before signing the document. The fact that Stevens chose not to do so does not invalidate the waiver. *See Green*, No. 6:08-cv-01997-Orl-22DAB, 2010 U.S. Dist. LEXIS 145652, at *13 ("[A]lthough [the plaintiff] may not have had immediate access to an attorney, the contract will not be invalidated as a result."); *Collins*, 680 F. Supp. 2d at 1296 ("[A] jury trial waiver is not unenforceable even though one party to a contract is a large corporation represented by counsel and the other party is an individual not represented by counsel."). To the extent that Stevens argues that he did not he did not realize that he was waiving his right to a jury trial, Doc. No. 23-1 ¶ 13, that argument is belied by the provision's plain language. Stevens is charged with knowledge of the provisions of his contract, and he cannot now claim legal protection based on the failure to read those plain terms. *Winiarski*, No. 5:07-cv-409-Oc-10GRJ, 2008 U.S. Dist. LEXIS 35799, at *8–9.

While Wyndham had an advantage in its bargaining power and Stevens chose not to retain an attorney to review the agreement, I find that the totality of the circumstances show that the jury waiver provision is not contrary to public policy, unconscionable, or unfair. The waiver was clear and conspicuous, and required no specialized knowledge to be understood. Moreover, nothing indicates that Stevens lacked the ability to negotiate the provision. Stevens cannot now avoid being bound by it.

Accordingly, I **RECOMMEND** that Wyndham's motion to strike Stevens's jury demand be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 17, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE